UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Graham S. Kane,**

        *Plaintiff,*

                                                **Case No. 3:15-cv-192**

v.                                                     **Judge Thomas M. Rose**

**Carolyn Colvin, Acting Commissioner of Social Security,**

        *Defendant.*

---

**ENTRY AND ORDER OVERRULING OBJECTION TO REPORT AND RECOMMENDATIONS BY DEFENDANT COMMISSIONER OF SOCIAL SECURITY,** (DOC. 14)**, FINDING MOOT OBJECTION TO REPORT AND RECOMMENDATION BY *PRO SE* PLAINTIFF GRAHAM S. KANE,** (DOC. 15)**, ADOPTING REPORT AND RECOMMENDATIONS,** (DOC. 13) **, REMANDING TO THE SOCIAL SECURITY ADMINISTRATION FOR FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND RECOMMENDATIONS AND TERMINATING CASE.**

---

      Plaintiff Graham Kane initially filed an action in this Court seeking judicial review of a prior decision by the Commissioner denying his application for Social Security benefits. On July 29, 2016, United States Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations (doc. 13) recommending that the Commissioner's decision that Kane was not disabled and, therefore, not entitled to benefits be vacated and remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration. Both the Commissioner (doc. 14) and Plaintiff (doc. 15) have filed objections to the Report and

Recommendations.

The Commissioner challenges the Recommendation that the Court find *pro se* Plaintiff has not waived arguments not included in his statement of errors and his appellate brief. The Chief Magistrate Judge rejected the Commissioner's argument of waiver, pointing out that the cases the Commissioner cited all concerned claims of waiver on appeal to the Sixth Circuit. The Commissioner's objection cites to cases from the Southern District of Ohio that applied the doctrine of waiver. What the Commissioner has not pointed to are cases where the Sixth Circuit has found that a district court has abused its discretion by choosing not to apply waiver.

The Report faults the ALJ for skipping the analysis of whether Plaintiff's treating physicians should be given controlling weight and proceeding to the factors to be considered for determining what weight to give the treating physicians' opinions in the event that they are not controlling. The Report then finds fault with the determination of what weight to give the opinions of the treating physicians, in the event that should have been a necessary determination. Finally, the Report questions the ALJ's lack of scrutiny of the opinions of non-examining physicians. The Court hereby **ADOPTS** the Report and Recommendations. (Doc. 13).

Pursuant to the fourth sentence of 42 U.S.C. § 405(g) the Court **ORDERS** the instant case **REMANDED**. The Commissioner's non-disability finding is **VACATED**. No finding is hereby made as to whether Plaintiff Graham S. Kane was under a "disability" within the meaning of the Social Security Act. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulation and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits and Supplemental

Security Income should be granted.

The Court **ORDERS** the Clerk to terminate the instant case from the docket of the United States District Court, Western Division at Dayton.

**DONE** and **ORDERED** this Tuesday, December 6, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
